UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY COOLEY,

                Petitioner,                Case No. 1:12-cv-701

v.                                            Honorable Janet T. Neff

BONITA HOFFNER,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is an abuse of the writ.

**Factual Allegations**

Petitioner presently is confined at the Lakeland Correctional Facility. Following a jury trial, Petitioner was convicted by a Wayne County jury of first-degree murder, MICH. COMP. LAWS § 750.316. On May 30, 1984, he was sentenced to a prison term of life without parole. Petitioner appealed his conviction to the Michigan Court of Appeals. In an opinion issued May 28, 1986, the court of appeals affirmed the conviction. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on December 26, 1986.

Petitioner thereafter filed multiple motions for new trial and for relief from judgment in the state courts, all of which were denied.[1] The most recent of these motions for relief from judgment was filed in 2010, raising two multi-faceted claims:

   I.   DO THE INTERESTS OF JUSTICE STANDARDS OF MCL 770.1; MSA 28.1098 AND MCL 770.2; MSA 28.1099 PERMIT THIS COURT TO GRANT A DELAYED MOTION FOR NEW TRIAL AT ANYTIME IN THE INTEREST OF JUSTICE AND THIS SUBSTANTIVE RIGHT CONTROLS IN THIS CASE THE PROCEDURAL RULES CONTAINED IN MCR 6.500 ET. SEQ LIMITING POST-CONVICTION RELIEF TO CASE IN WHICH A DEFENDANT CAN DEMONSTRATE CAUSE (OR ACTUAL INNOCENCE) AND ACTUAL PREJUDICE.

   II.  WAS DEFENDANT DEPRIVED OF HIS RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER THE MICHIGAN CONSTITUTION 1963 § 17 AND 20, TO A FAIR TRIAL AND THE RIGHT TO HAVE THE PROSECUTOR PROVE EVERY ELEMENT[] OF THE CRIME CHARGED BEYOND A REASONABLE DOUBT, WHEN THE JUDGE INSTRUCTED THE JURY – TO WHAT THE TESTIMONY OF AN ABSENT WITNESS WOULD HAVE BEEN, IF THE WITNESS WOULD HAVE TESTIFIED TO, IF WITNESS COULD HAVE BEEN PRESENT, WHICH DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT

---

[1] According to the May 11, 2010 order of the Wayne County Circuit Court denying Petitioner's second motion for relief from judgment, Petitioner filed four post-judgment motions, two for new trial and two for relief from judgment. (*See* Att. 1 to Pet, docket #1-2, Page ID##23.) Each motion raised multiple new claims.

OBJECTION TO ERROR, ALSO INEFFECTIVE APPELLATE COUNSEL.

(Ex. 1 to Pet., docket #1-2, Page ID##22-23.) The trial court denied the motion because it was a second or successive motion for relief from judgment, in violation of MICH. CT. R. 6.502(G)(1). (*Id.*, Page ID#25.) Petitioner sought leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, phrasing his first issue identically, but breaking the second issue into three separate claims: (1) denial of a fair trial by the court's missing-witness instruction; (2) ineffective assistance of trial counsel in failing to object to the instruction; and (3) ineffective assistance of appellate counsel. On June 22, 2011 and December 28, 2011, respectively, the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal, because the petition was prohibited as a successive motion for relief from judgment under MICH. CT. R. 6.502(G)(1). (*Id.*, Page ID#26-27.)

In addition to his many state post-judgment proceedings, Petitioner filed an application for habeas relief in the Eastern District of Michigan on February 10, 1987. The petition presented four grounds for relief: (1) the trial court improperly instructed the jury with respect to premeditated murder and felony murder; (2) the trial court erred by denying his motion for a directed verdict; (3) the trial court erred by denying a requested jury instruction; and (4) the prosecutor committed misconduct. *See Cooley v. Koehler*, No. 2:87-cv-70475 (E.D. Mich.). On June 30, 1987, the district court denied the motion. In 2008, Petitioner filed a motion in the Sixth Circuit, seeking leave to file a second or successive habeas petition, in which he raised the following issues: (1) the trial court lacked probable cause to bind him over for trial; (2) a witness's statement was coerced and should not have been admitted into evidence; (3) defense counsel rendered ineffective assistance; and (4) his conviction was obtained through the use of false and perjured testimony. The

-3-

Sixth Circuit denied the motion on June 17, 2009, concluding that the new grounds were neither newly discovered nor grounded in a previously unavailable rule of constitutional law made retroactive by the Supreme Court to cases on collateral review, as required by 28 U.S.C. § 2244(b). *See In re Cooley*, No. 08-2462 (6th Cir. June 17, 2009).

In this, his third habeas petition, Petitioner raises the same four grounds presented to the Michigan state courts in his second motion for relief from judgment.

### Discussion

Petitioner's first habeas petition was filed before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). As a consequence, the instant petition is not subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).[2] Rather, this Court must consider whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Id.* That standard does not require authorization from the court of appeals. *Id.*

A habeas petition may be seen as an abuse of the writ of habeas corpus if the petitioner raises a claim in a subsequent petition that he could have raised in an earlier petition. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The "abuse of the writ" standard "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997)

---

[2]Under § 2244(b), before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).

(quoting *McCleskey*, 499 U.S. at 494), *cited in Cress*, 484 F.3d at 852. In making the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498. To show cause, a petitioner must demonstrate that, at the time he filed his first habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, a petitioner must demonstrate that the alleged constitutional error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Tolliver v. Sheets*, 594 F.3d 900, 924 (6th Cir. 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Instead of alleging cause and prejudice for his failure to raise the issues in his first habeas application, Petitioner claims that his "actual innocence" should permit him to seek habeas relief in this new petition on the basis of the "manifest injustice" exception applicable to procedural bars such as this one. The Supreme Court has held that a claim of actual innocence can be raised to excuse a conclusion that a petitioner has filed abusive or successive habeas petitions. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)). Applying the same standard used in the context of procedural defaults, the Court has made clear that such a "gateway" claim of manifest injustice "is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing a factual innocence.'" *Id.* (quoting *Kuhlman v. Wilson*, 477 U.S. 436, 454 (1986)) (emphasis in original); *see also McCleskey*, 499 U.S. at 402; *House v. Bell*, 547 U.S. 518, 555 (2006) ("[T]o be credible a gateway claim requires new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.") (internal quotations omitted).

While Petitioner invokes the actual-innocence exception he fails entirely to identify new facts showing factual innocence. Indeed, he dicusses absolutely no evidence to support his assertion that he is innocent of the offense. Accordingly, Petitioner fails to demonstrate why the second-or-successive bar should be excused on the basis of manifest injustice.

Moreover, it is patently clear that Petitioner's three constitutional claims were known or should have been known to him at the time of his first habeas petition.[3] The claim that the evidence was insufficient to support his conviction undoubtedly was available and known to Petitioner at the time he filed his first petition, because the issue rests solely on the trial record.[4] In addition, inasmuch as his first habeas petition was filed after he had completed direct review, any ineffectiveness of trial and appellate counsel should have been known to Petitioner when he first sought habeas review.

Further, Petitioner's lack of legal knowledge clearly cannot serve as cause excusing his failure to raise his claims in the first petition. Cause for overcoming the bar on subsequent petitions "'requires a showing of some external impediment *preventing* counsel from constructing or raising the claim.'" *McCleskey*, 499 U.S. at 487 (emphasis in original). In addition, any claim that Petitioner lacked the ability to bring his claims is patently frivolous. During the years since his

---

[3]Although Petitioner purports to raise four grounds for relief, the first asserted ground is not cognizable on habeas review. In his first ground for relief, Petitioner claims that the state courts should have applied state law more leniently to grant him a new trial because he claims to be actually innocent of the offense. The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because the issue involves only state standards governing the "interest of justice" and is not properly before the Court on habeas review, the issue cannot support his attempt to file a second or successive petition.

[4]Indeed, Petitioner actually raised a sufficiency-of-the-evidence claim in his first state-court motion for new trial filed in 1988.

conviction, Petitioner has filed at least two motions seeking a new trial and two motions for relief from judgment, as well as two petitions for habeas relief. In each he has raised numerous and varied claims. Rather than demonstrating that Petitioner was hampered in bringing his claims, the history suggests that Petitioner was fully able to bring those claims, but he did not do so. Instead, he simply continues to identify new issues each time his prior claims are rejected.

For all these reasons, Petitioner's third habeas petition constitutes an abuse of the writ.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it constitutes an abuse of the writ.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was

"intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground that it constitutes an abuse of the writ. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition as an abuse of the writ. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: August 7, 2012  /s/ Janet T. Neff
 Janet T. Neff
 United States District Judge